(88 South. 568)

LONG v. STATE. (8 Div. 297.)

(Supreme Court of Alabama. April 7, 1921.)

Criminal law ⬚⬚⬚753(3)—Defendant's own evidence as to shooting deceased to prevent her and husband from liberating their cow taken up by accused held to justify affirmative charge of guilt.

Accused had taken up and locked in his barn the cow of deceased's husband because of claimed trespass on accused's cornfield. When her husband came over to get the cow, deceased accompanied him to assist him, and was knocking at the barn door where the cow was locked in, to open it, when accused shot in the direction of the noise, killing deceased. Accused claimed that he thought he was shooting at her husband, from whom he claimed the right to collect $2.50, damages resulting from the cow's trespass. *Held*, the shooting was un-

justified, irrespective of previous trespasses by the cow; and, the facts appearing from the evidence of accused himself, it was proper to give the affirmative instruction that accused was guilty of some degree of homicide embraced in the indictment.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

George Long was convicted of murder, and he appeals. Affirmed.

J. G. Rankin, of Athens, for appellant. No brief came to the Reporter.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

GARDNER, J. Appellant was convicted of the murder of one Jennie Grigsby, and his punishment fixed at life imprisonment. The evidence is practically without dispute. The defendant had taken up the cow of Essic Grigsby, husband of deceased, and locked her in his barn, which was near his dwelling house, for the reason, as he insisted, the cow had trespassed upon his cornfield. Essic came over to see about getting the cow, carrying his gun, and insisted that he "was going to have the cow." He called his wife, the deceased, to assist him, and she went to the barn door, where the cow was locked in, and began to knock thereon in order to open it. The defendant was in the house when he heard the noise, and immediately procured his shotgun, and, standing in the corner of his garden, shot one time in the direction of the noise, killing the deceased almost instantly. He insists that he thought he was shooting at Essic, and says, to use his language, that he—

"was shooting at him to keep him from getting his cow, aiming to protect his barn. I was shooting at him because he was knocking on my barn. I knew it was Essic, because he told me he was going to have his cow, that is what I shot him for. The stall that the noise was on was the one where I had the cow. I was already in the house when I heard the noise, but I came out with my gun and shot in the direction of the noise, and afterwards found out that I had killed Jennie." .

Defendant further stated that he wanted $2.50 damages which he had sustained from the trespass by the cow, and he did not want Essic to get the cow until he had paid that sum.

That the cow had been in his field previous to this particular trespass was immaterial and irrelevant, and the court committed no error in sustaining the objection to the question. Nor was there any error in that portion of the oral charge, to which the defendant reserved exception, wherein, in substance, the court instructed the jury that, although the defendant had the right to

---

hold the cow until his damages were paid that did not give him the right to shoot the deceased, because she and her husband were attempting to liberate the cow, if in fact they were so attempting.

The court gave the following charge in writing at the instance of the state:

"I charge you, gentlemen of the jury, that if you believe the evidence in this case beyond a reasonable doubt you must find the defendant guilty."

This was of course the affirmative instruction in favor of the state to the effect that the defendant was guilty of some degree of homicide embraced in the indictment, and from the evidence of the defendant himself it was fully justified.

The defendant requested several charges, which were refused, upon the theory that the deceased and her husband, in attempting to forcibly rescue the cow from her imprisonment, were engaged in committing a felony, which would justify the defendant in firing the fatal shot. The charges were manifestly incorrect in the light of the evidence of this case, and need no further treatment.

A few other minor questions are presented, but they are of such character as not to call for separate consideration. Suffice it to say that, mindful of our duty in cases of this character, the record has been carefully studied, and we find nothing therein calling for a reversal of the cause.

The judgment of conviction will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.